NICK MEALO, ADMINISTRATOR AD PROSEQUENDUM OF JOHN MEALO, DECEASED, PLAINTIFF, v. SITLEY & SON, INCORPORATED, A CORPORATION, DEFENDANT.

Argued May 2, 1928—Decided November 30, 1928.

· Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiff, *Norman W. Harker.*

For the defendant, *Ralph N. Kellam.*

PER CURIAM.

Plaintiff's decedent, a little boy of six, was run over and killed at the intersection of Fourth and Washington streets, in Camden, at about four P. M. The complaint was specific in averring, and the evidence for plaintiff tended to show, that the boy was crossing Washington street from south to north, on the easterly side of Fourth street on the crosswalk. The complaint further charged that the truck was moving easterly on Washington street, but the evidence for plaintiff was to the effect that the truck came up Fourth street in a northerly direction, turned easterly into Washington street, and struck the boy as he was crossing toward the north.

The witnesses for defendant told a very different story. As to the boy, they said that he was wearing a home-made paper mask in anticipation of Hallowe'en, and was playing around the school annex on the east side of Fourth street adjoining the northeast corner, after school had ended; that defendant's horse-drawn truck was moving eastwardly along

Washington street at reasonable speed when the deceased suddenly darted across Washington street from north to south (just the opposite direction to that claimed by plaintiff), veering toward the east to head off the truck, and struck the left flank of the near horse, fell, and the wheels went over him.

We have examined the testimony with care and conclude that the weight of evidence is clearly with defendant's theory of the occurrence. Even the circumstances are corroborative, e. g., the boy's home was south of Washington street, and the truck had come from a loading station to the northwest of the place of the accident, and, hence, would naturally not be traveling north on Fourth street. Both the number and credibility of the witnesses appear to us to sustain the defendant's theory of the case. The verdict plainly cannot stand on the theory of the complaint and we deem it generally against the weight of evidence. The rule will be made absolute and the cause remanded for a new trial with leave to plaintiff if desired to amend by substituting or adding a count based on defendant's theory of the direction in which boy and truck were respectively moving.